# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MILTON RIGGALL, | ) | CASE NO. 4:25-cv-560 |
| | ) | |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| WARDEN I. HEALY, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Richard Milton Riggall ("Riggall") has filed a petition for a writ of habeas corpus (Doc. No. 1 (Petition)) under 28 U.S.C. § 2241, challenging the Bureau of Prisons's ("BOP") denial of his placement in a residential re-entry center under the Second Chance Act, 18 U.S.C. § 3624. For the following reasons, the petition is denied.

## I.    BACKGROUND

Riggall states that he is challenging the BOP's denial of his residential re-entry placement, which was recommended by assistant warden, Patti Landon ("Landon"), on January 24, 2025, under the Second Chance Act. (Doc. No. 1-1 (Memorandum in Support), at 2.) Riggall claims that he has met the statutory requirements for pre-release placement, has maintained a clear disciplinary record, has completed all required rehabilitation programming, and has secured a stable transition home. (*Id.*) Yet the BOP, Riggall argues, has ignored these facts to delay his re-entry placement by nearly a year, "pushing his projected release to January 2026[,]" while failing to document a "valid reason" for the denial. (*Id.* at 2, 4.) Denying Landon's recommendation without

justification, Riggall asserts, violates his right to due process. (*Id.* at 3.)

Riggall explains that he has not formally appealed the BOP's decision because he has only 10 months remaining on his sentence: "[t]he [BOP's] administrative remedy process is lengthy and would render any relief moot before resolution." (Doc. No. 1, at 3.)

## II.     STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Riggall is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the petition, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

The responsibility for computing sentences and applying sentencing credits lies with the BOP. *Nieves v. Warden, FCI Elkton*, No. 4:19-cv-1966, 2020 U.S. Dist. LEXIS 3581, at *5 (N.D. Ohio Jan. 9, 2020) (only LEXIS cite available). Before seeking habeas relief under Section 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231-33 (6th Cir. 2006). Exhaustion serves two important functions: (1) it protects administrative agency

authority, by providing the agency an opportunity to correct its own mistakes before being hauled into federal court; and (2) it promotes efficiency, by providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88–89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (internal citations and quotation marks omitted); *see also Blumling v. United States*, No. 4:19-cv-2587, 2020 WL 4333006, at *7 (N.D. Ohio July 28, 2020).

"In order to exhaust administrative remedies, an inmate must complete the four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal BOP. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel." *Chastain v. Williams*, No. 4:20-cv-01036, 2020 WL 5994519, at *3 (N.D. Ohio Oct. 9, 2020) (citing 28 CFR §§ 542.10–16). An administrative appeal is not fully exhausted until the BOP's office of the General Counsel reaches a decision on the merits. 28 C.F.R. § 542.15(a). "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citation omitted).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini*, 473 F.3d at 232. In rare cases, however, where state remedies are inadequate or futile, or exhaustion would result in irreparable harm, exhaustion of administrative remedies is not required. *See McCarthy v. Madigan*, 503 U.S. 140, 146–48, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992), *superseded by statute on other grounds*, 42 U.S.C. § 1997e(a); *Quionones v. Williams*, No. 4:20-cv-1067, 2020 WL 5760723, at *1 (N.D. Ohio Sept. 28, 2020); *see also Rose v. Lundy*, 455 U.S. 509, 515–16, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (stating that exhaustion should be

3

excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist.").

## III.    DISCUSSION

Riggall concedes that he has not exhausted his administrative remedies with the BOP. (Doc. No. 1, at 3.) He argues, however, that the exhaustion requirement should be excused because of futility: he does not have enough time to pursue administrative remedies before his release date. (*Id.*) But the petition reveals that Riggall has made no effort to promptly engage in BOP's remedial process, instead opting to file a habeas petition in federal court. (*See generally id.*) Thus, Riggall himself is partially responsible for any delay in the process. (*Id.*)

In any event, it was not futile for Riggall to attempt to exhaust his administrative remedies. *DeLeo v. Paul*, No. 5:23-cv-241, 2023 WL 5945868, at *2 (E.D. Ky. Aug. 22, 2023) (explaining that impending release is insufficient to deem exhaustion futile (collecting cases)). Had Riggall "'promptly and diligently pursued his administrative remedies,' this case may have been ripe— and may still be ripe—for consideration by the Court before his release." *Cargill v. Healy*, No. 4:23-cv-1755, 2024 WL 1683600, at *2 (N.D. Ohio Mar. 1, 2024) (quoting *Hunter v. Bowers*, No. 223-cv-2188, 2023 WL 8530584, at *3 (W.D. Tenn. Dec. 8, 2023)), *report and recommendation adopted*, No. 4:23-cv-1755, 2024 WL 1676857 (N.D. Ohio Apr. 18, 2024). A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Nor has Riggall demonstrated "any [other] exceptional circumstances of peculiar urgency" to justify interfering with the BOP's administrative process. *See Rose*, 455 U.S. at 515–516.

4

## IV.    CONCLUSION

Accordingly, the petition is denied. This action is dismissed without prejudice under 28 U.S.C. § 2243 to allow Riggall to exhaust his administrative remedies. The Court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 3, 2025

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**